| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Craig G. Margulies, Esq. (SBN 185925)<br>Meghann A. Triplett, Esq. (SBN 268005)<br>MARGULIES FAITH, LLP<br>16030 Ventura Blvd., Suite 470<br>Encino, CA 91436<br>Telephone: (818) 705-2777<br>Facsimile: (818) 705-3777<br>Email: Craig@MarguliesFaithLaw.com<br>Email: Meghann@MarguliesFaithLaw.com<br><br>☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Shellie Melissa Halper,<br><br>                                              Debtor(s). | CASE NO.: 1:09-bk-23807-GM<br>ADVERSARY NO.: 1:11-ap-01317-GM<br>CHAPTER: 7 |
| Solomon M. Cohen,<br><br>                                              Plaintiff(s),<br><br>                    vs.<br><br>Shellie Melissa Halper,<br><br>                                              Defendant(s). | **NOTICE OF MOTION and MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1**<br><br>DATE: 05/02/2017<br>TIME: 10:00 am<br>COURTROOM: 303<br>PLACE: 21041 Burbank Boulevard<br>        Woodland Hills, CA 91367 |

**TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES, PLEASE TAKE NOTICE THAT AT THE ABOVE DATE AND TIME PLAINTIFF WILL MOVE FOR DEFAULT JUDGMENT UNDER LBR 7055-1.**

1. Name of Defendant(s) against whom default judgment is sought (*specify name*): Shellie Melissa Halper

2. Plaintiff filed the complaint in the above-captioned proceeding on (*specify date*): 4/22/2011

3. The Summons and Complaint were served on Defendant by ☐ personal service    ☒ mail service
on the following date (*specify date*): 5/5/2011

4. A conformed copy of the completed return of summons form is attached hereto.

5. The time for filing an answer or other response expired on (*specify date*): 5/31/2011

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

6.  **The answer filed by the Defendant was stricken per the Court's Terminating Sanctions Order (Dkt. No. 101).**

7.  The default of Defendant:

    a.  ☐ Has not yet been entered, but is hereby requested

    b.  ☒ Was entered on *(specify date)*: 2/23/2017

8.  **A Status Conference:**

    a.  ☒ Is scheduled for *(specify date, time, and place)*: 5/2/2017 at 10:00 a.m.
        Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367

    b.  ☐ Was held on *(specify date, time, and place)*: _____

9.  As proof that Plaintiff is entitled to the relief requested in the complaint, Plaintiff:

    a.  ☒ Relies on the complaint and documents attached thereto.

    b.  ☒ Attaches the following documents to establish a prima facie case:

        (1)  ☒ Declaration of *(specify)*:  Solomon M. Cohen and exhibits thereon (filed concurrently)

        (2)  ☒ Declaration of *(specify)*:  Meghann Triplett and exhibits thereon

        (3)  ☐ Other *(specify)*: _____

10. As further support for entry of a default judgment, Plaintiff submits a memorandum of points and authorities (optional).

11. **DECLARATION OF NON-MILITARY STATUS**:  No defendant named in paragraph 1 above is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (Pub. L. 108-189) (50 U.S. Code App. §§ 501-594).  The undersigned declares under penalty of perjury that this statement of defendant's non-military status is true and correct and is made under penalty of perjury under the laws of the United States based upon the undersigned's review of said Defendant's Statement of Affairs and Statement of Income and Expenditures filed in this case and is based upon the undersigned's lack of any information or belief that there has been any change of circumstances as to defendant's non-military status.

12. Defaulting party is not an infant or incompetent party.

13. *Pursuant to LBR 7055-1(b)(1)(E), notice of the motion has been served on the defaulting party at least 7 days before the hearing, as required by F.R.Civ.P. 55(b)(2).*

WHEREFORE, Plaintiff prays that this court enter a default judgment in favor of Plaintiff.  A copy of the proposed default judgment is submitted herewith and has been served.

Date:  04/13/2017

                    Respectfully submitted,

                    MARGULIES FAITH, LLP
                    Printed name of law firm

                    /s/ Meghann Triplett
                    Signature

                    Meghann Triplett, Esq.
                    Name of attorney for Plaintiff or Plaintiff

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 7055-1.2.DEFAULT.JMT.MOTION**

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES**                                    **Page**

  **I.**    **SUMMARY OF THE CASE**………………………………………………………..1

**II.**    **PARTIES**……………………………………………………………………………….3

**III.**   **PROCEDURAL HISTORY OF THE CASE**………………………………………...4

**IV.**   **LEGAL STANDARD AND EVIDENCE SUPPORTING**

      **DEFAULT JUDGMENT**………………………………………………………………6

    A.  Jurisdiction in This Court is Proper……………………………………………6

    B.  Standard for Entry of a Default Judgment…………………………………………..7

    C.  The Averments of the Complaint are Deemed Admitted

        Pursuant to Federal Rule of Civil Procedure 8(b)…………………………………...8

    D.  Plaintiff Has Satisfied All the Elements of 11 U.S.C. § 523(a)(2)(A)………………..8

        i.     The Loans And the Representation By Defendant……………………………..9

        ii.    Defendant Made the Representations With Intent to

            Deceive Plaintiff……………………………………………………………….9

        iii.   The Defendant Knew at the Time that the Representations

            Were False………………………………………………………………….10

        iv.   The Flow of Money…………………………………………………………...11

        v.    Evidence To Support Amount of Punitive Damages…………………………12

        vi.   Plaintiff Justifiably Relied on Defendant's Representations…………………12

        vii.  Plaintiff Sustained Damages as the Proximate Result of

            Defendant's Representations……………………………………………….13

  **V.**    **CONCLUSION**………………………………………………………………..14

**VI.**   **DECLARATION OF MEGHANN A. TRIPLETT**…………………………………15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**                                                                                       **Page**

*Burlington Northern R.R. Co. v. Huddleston*
        94 F.3d 1413 (10th Cir. 1996)………………………………………………………..8

*Cohen v. De La Cruz*
        118 S.Ct. 1212 (1998)………………………………………………..…………….9

*Cossu v. Jefferson Pilot Sec. Corp.*
        410 F.3d 591 (9th Cir. 2005)…………………………………………….……………..8

*Field v. Mans*
        516 U.S. 59 (1995)…………………………………………………………………...12

*In re Britton*
        950 F.2d 602 (9th Cir. 1991)…………………………………………………………..8

*In re Niles*
        106 F. 3d 1456 (9th Cir. 1997)…………………………………………..…………...13

*In re Villegas*
        132 B.R. 742 (B.A.P. 9th Cir. 1991)………………………………………..…..… 7

*James v. Frame*
        6 F.3d 307 (5th Cir. 1993)……………………………………………………………7

*Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*
        234 F.3d 1081 (9th Cir. 2000)………………………………………………….…..8

**Statutes**

11 U.S.C. § 523(a)(2)(A)………………………………………………………1, 4, 8, 13, 14, 15

28 U.S.C. § 1334(a)………………………………………..…………………………..………6

28 U.S.C. § 157(a)………………………………………………………………………..……6

28 U.S.C. § 157(b)(2)(B)………………………………………………………………..……6

**Other Authorities**

Fed. R. Bankr. P. 7001(4)…………..…………………………………………………..4, 15

Fed. R. Bankr. P. 7055………………………………………………...…………….…..……7

Fed. R. Bankr. P. 9017………………………………………………...………….…………..6

Fed. R. Civ. P. 8(b)(6)…… …………………………………………………….…………….8

Fed. R. Civ. P. 55……………………………………………………………………….7

Fed. R. Civ. P. 55(b)(2)………… …………………………………………………..…….7

Fed. R. Evid 201…………………………………………………………………….……….6

Fed. R. Evid 801(d)………………………………………………………………….……….6

iii

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Solomon M. Cohen ("Plaintiff") hereby submits this *Memorandum of Points and Authorities; Declaration of Meghann A. Triplett In Support of Motion for Default Judgment Under LBR 7055-1* (the "Motion") on the grounds that Plaintiff is entitled to a judgment of non-dischargeability under 11 U.S.C. § 523(a)(2)(A) against Shellie Melissa Halper ("Defendant") in the instant adversary proceeding identified as *Cohen v. Halper*, Adversary Proceeding Case Number. 1:11-ap-01317-GM (the "Case").

## I.

## SUMMARY OF THE CASE

1.    This Case arises out of Defendant's failure to repay loans made by Plaintiff to the Defendant in the total principal amount $2,936,000 ("Principal Loan Amount").  The loans were paid by Plaintiff to Defendant after a series of calculated misrepresentation and concealment of facts made by Defendant to Plaintiff, aimed at defrauding Plaintiff out of millions of dollars.

2.    The funds loaned by Plaintiff, and at least 30 other individuals, were taken in for the benefit of and use by Defendant, Ronald Stover ("Stover"), who was Defendant's partner in their scheme to defraud Plaintiff, and their affiliated companies.  As detailed, *infra*, and in the *Declaration of Solomon M. Cohen In Support of Motion for Default Judgment Under LBR 7055-1* and exhibits thereon ("Cohen Declaration") filed and served concurrently herewith, Defendant and Stover enlisted the help of individuals to go out to their family and friends to borrow money for Defendant. *See* Cohen Declaration at ¶ 47.

3.    It is admitted, in writing, that Plaintiff did, in fact, make the loans at issue. Defendant, Stover and their companies purportedly utilized the money to fund litigation against Larry Flynt, an individual, related to real property located in Los Angeles, California[1] ("Flynt Litigation"); and to purchase real property in Los Cabos, Baja California, Mexico ("Mexico Property").

---

[1] *L. Flynt, Ltd – 8484, Inc., a California corporation v. JAC Capital Fund, LLC, a California limited liability company; Ronald Stover, an individual, et.al.*; Los Angeles Superior Court Case No. SC085331

1

4.      The Principal Loan Amount consists of ten (10) separate loans (collectively, the "Loans"), as follows:

| Loan No. | Date Loan Made | Original Maturity Date | Amount Loaned |
|---|---|---|---|
| 1 | February 14, 2007 | August 14, 2007 | $500,000 |
| 2 | March 26, 2007 | May 25, 2007 | $900,000 |
| 3 | May 3, 2007 | August 3, 2007 | $100.000 |
| 4 | May 29, 2007 | November 29, 2007 | $300,000 |
| 5 | June 5, 2007 | October 5, 2007 | $800,000 |
| 6 | September 12, 2007 | December 31, 2007 | $200,000 |
| 7 | November 8, 2007 | December 31, 2007 | $25,000 |
| 8 | December 17, 2007 | January 31, 2008 | $50,000 |
| 9 | December 24, 2007 | January 31, 2008 | $50,000 |
| 10 | January 11, 2008 | January 31, 2008 | $11,000 |
| | | **Principal Loan Amount** | **$2,936,000** |

5.      Each of the loans described in the above table is referred to herein separately by the number in the table above (i.e. "Loan 1," "Loan 2" etc.).

6.      As further detailed below, the Loans were modified by the parties, in writing, on two occasions; (1) on August 2, 2007 per the Agreement to Amend Promissory Notes ("Amendment"); and (2) on February 25, 2008 per the Memorandum of Understand [sic] re Agreement re Solomon Cohen Notes ("MOU").

7.      To date, despite many demands and many representations by Defendant, and the filing of this Case, the Loans remain due and unpaid by the Defendant, and Defendant continues to refuse and fails to repay Plaintiff the amounts that he is owed.

8.      Because it is undisputed that Plaintiff loaned the Principal Loan Amount to Defendant, and because it is undisputed that Defendant has not repaid the amounts owed, judgment in the Principal Loan Amount, plus interest, penalties, attorneys' fees and other amounts as detailed herein, may be entered by the Court against the Defendant. *See* Cohen Declaration at ¶ 50.

9.      Additionally, because the Defendant made *intentional* misrepresentations to Plaintiff, and those misrepresentations are evidenced in writing submitted herewith, and Plaintiff justifiably relied on those misrepresentations and was damaged as a result, the judgment should include punitive damages in the amount of $15 million, as set forth in the concurrently filed Cohen Declaration.

**II.**

**PARTIES**

10.      Plaintiff Solomon Cohen is, and at all relevant times was, an individual residing in the State of California, County of Los Angeles.

11.      Defendant Shellie Melissa Halper ("Defendant") is, and at all relevant times, an individual residing in the State of California, and Debtor in the lead chapter 7 case, bearing case number 1:09-bk-23807-GM (the "Bankruptcy Case").

12.      The Mortgage Center Services, Inc. ("TMCS"), is, and at all relevant times was, a California corporation which conducted a mortgage broker business through the license of Shellie Halper. Halper is the 100% owner of TMCS. TMCS is not a defendant in the Case.

13.      Ronald Stover ("Stover") is, and at all relevant times was, an individual residing in the State of Oregon. Stover is the purported "developer" of Mexican Investments, through his company, R.S. Development Services, Inc. Stover is not a defendant in this Case.

14.      R.S. Development Services, Inc. ("RS Development") is, and at all relevant times was, an Oregon Corporation doing business in the State of California. Plaintiff is informed and believes, and based thereon alleges, that RS Development is wholly owned and controlled by Stover and is the purported "developer" of the Mexican properties. RS Development is not a defendant in this Case.

15.     Paradise in Cortez, LLC ("PIC") is a limited liability company organized and existing under the laws of the State of California.  PIC is not a defendant in this Case.

16.     Vistas de Mar, S. de R.L. de C.V. ("Vistas") is a Mexican corporation, that owns and controls real property in Mexico, which was to be developed with the use of loans made by Plaintiff to Defendant.  Vistas is not a defendant in this Case.

17.     JAC Capital Fund, LLC ("JAC") is a California limited liability company, whose sole member and manager is RS Development.  JAC is not a defendant in this Case.

### III.

### PROCEDURAL HISTORY OF THE CASE

18.     On October 19, 2009, Defendant filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Case").

19.     The chapter 11 case was converted to one under chapter 7 on January 8, 2010.

20.     On April 22, 2011, Plaintiff filed a *Complaint to Object to Discharge of Debt Due to Fraud* ("Complaint") seeking damages in the amount not less than $6,254,681.29, plus interest, punitive damages, reasonable attorneys' fees and costs, and that the debt be made non-dischargeable pursuant to 11 U.S.C. 523(a)(2)(A) and FRBP 7001(4).

21.     Defendant filed an Answer to Complaint [dkt. no. 4] ("Answer").

22.     In October, 2011, Defendant filed a *Motion to Stay Case and Proceeding Under 5th Amendment Privilege Against Self-Incrimination and for Protective Order* [dkt. no. 9] ("Stay Motion"), pending resolution of an investigation by the Federal Bureau of Investigation. Plaintiff did not object to the Stay Motion, and the Court entered an Order granting the Stay Motion on February 3, 2012 [dkt. no. 15].

23.     Between January, 2013 and June, 2015, Plaintiff and Defendant requested continuances of status conferences, scheduled in the Case, to allow Plaintiff to litigate the state court case *Solomon Cohen v. Ronald Stover et al.,*[2] which was filed against Stover, TMCS, RS

---

[2] *Solomon Cohen v. Ronald Stover et al.*; Los Angeles Superior Court case number BC453753.

Development, Paradise in Cortez, Vistas and JAC using the identical set of facts set forth in the Complaint filed in this Case ("State Court Action"); and to follow the bankruptcy case of Stover.[3]

24.     Plaintiff believed that a trial in the State Court Action could elicit material information and discovery that could assist in the trial and/or resolution of this Case with Defendant.

25.     Ultimately, the State Court Action resulted in a judgment for $21.6M against entities owned in part by Defendant, which included an award of $15M in punitive damages. Additionally, a second judgment was entered against Stover, individually, for $23.4M, which also included an award of $15M in punitive damages.

26.     After the judgment against entities owned in part by Defendant was entered in the State Court Action, Plaintiff sought to reinstate litigation of this Case.  An *Order Terminating the Stay as to Adversary Proceeding* was entered on June 16, 2015 [dkt. no. 37], after which Plaintiff commenced discovery efforts against Defendant, to no avail.

27.     After failed requests for document production and Defendant's refusal to participate in a Court ordered deposition, Plaintiff filed a *Motion and Motion for Issuance of an Order to Show Cause Why Defendant Shellie Melissa Halper Should Not be Held in Contempt for Failure to Appear at Her Court Ordered Deposition* [dkt. no. 73], which was set for hearing and was ultimately granted. On November 21, 2016, this Court issued an *Order to Show Cause Why Shellie Melissa Halper Should Not be Held in Contempt* [dkt. no. 83] ("OSC").

28.     After a hearing on December 6, 2016, the Court entered an *Order Finding Shellie Melissa Halper in Contempt, Awarding Sanctions, Ordering Sanctions be Paid, and Further Continuing Contempt Hearing* was entered [dkt. no. 95] ("Contempt Order").

29.     The Contempt Order set forth that if Defendant did not follow the conditions therein, including cooperation with discovery and timely payment of sanctions in the sum of $40,000, that the Court would, *inter alia*, strike Defendant's Answer, enter a default Judgment against Defendant. *See* Contempt Order at ¶¶ 8 and 9.

---

[3] *In re Ronald Eugene Stover*; United States Bankruptcy Court, District of Oregon case number 14-32012-rld7.

30.     Defendant did not comply with the conditions of the Contempt Order, and on January 30, 2017, the Court entered an *Order Entering Terminating Sanctions Against Defendant Shellie Melissa Halper Following Defendant's Failure to Comply with the Order Finding Shellie Melissa Halper in Contempt, Awarding Sanctions, Ordering Sanctions Paid, and Further Continuing Contempt Hearing* [dkt. no. 101] (the "Termination Order").  The Termination Order provided, *inter alia*, for Defendant's Answer [dkt. No. 4] to be stricken in its entirety.

31.     Thereafter, on February 22, 2017, Plaintiff filed a *Request for Clerk to Enter Default Under LBR 7055-1(a)* [dkt. no. 104].  The Clerk of the Court promptly entered a default of Defendant on February 23, 2017 [dkt. no. 107].

32.     On March 15, 2017, the Court entered a further *Order on Order to Show Cause Why Shellie Melissa Halper Should Not Be Held in Contempt* [dkt. no. 109].

33.     A status conference is presently scheduled for May 2, 2017 at 10:00 a.m.

**IV.**

**LEGAL STANDARD AND EVIDENCE SUPPORTING DEFAULT JUDGMENT**

**A.      Jurisdiction in This Court is Proper**

This Court has jurisdiction over this Case pursuant to 28 U.S.C. § 1334(a) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11) and 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district).

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate). This Case relates to the Chapter 7 bankruptcy case filed in the United States Bankruptcy Court, San Fernando Valley Division, entitled *In re Shellie Melissa Halper,* Case No. 1:07-bk-23807-GM on the docket of the Court.[4]

/ / /

/ / /

_____

[4] Plaintiff respectfully request that the Court take judicial notice of Defendant/Debtor's Bankruptcy Petition and other documents filed therewith and any amendments which are in the Court's file, pursuant to Fed. R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017. The information contained in these documents is admissible pursuant to Fed. R. Evid. 801(d).

### B.    Standard for Entry of a Default Judgment

Rule 55(b)(2) of the Federal Rules of Civil Procedure (F.R.C.P.), incorporated by Rule 7055 of the Federal Rules of Bankruptcy Procedure (F.R.B.P.), provides, in pertinent part, as follows:

> (b) Entering a Default Judgment [Judgment by default may be entered as follows]:
>
> (2) ***By the Court.***  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

The court has a wide discretion in determining whether to enter a default judgment under Rule 55. In re Villegas, 132 B.R. 742, 746 (B.A.P. 9th Cir. 1991).  For example, the court, in its discretion, may require at a hearing under F.R.C.P. 55(b)(2), some proof of the facts that are necessary to a valid cause of action or to determine liability. Id.  The factors to be considered for entry of default judgment include:

> (1)    the probability of prejudice to the plaintiff;
> (2)    the merits of plaintiff's substantive claim;
> (3)    the sufficiency of the complaint;
> (4)    the sum of money at stake in the action;
> (5)    the possibility of a dispute concerning material facts;
> (6)    whether the default was due to excusable neglect; and
> (7)    the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id.  However, an evidentiary hearing is not required in a default judgment context where the amount of damages claimed is liquidated or capable of mathematical calculation. James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

1  Plaintiff submits that an evaluation of the facts in this case and the relevant factors lead to

2 the conclusion that Plaintiff's request for an entry of default judgment is justified.

3  **C.**  **The Averments of the Complaint are Deemed Admitted Pursuant to**

4    **Federal Rule of Civil Procedure 8(b)**

5  A party must affirmatively deny the averments of a complaint in order to avoid their

6 deemed admission.  Rule 8(b)(6) of the F.R.C.P. states in relevant part that:

7
8
9

> Effect of Failing to Deny.  An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

10  A complaint is a pleading which requires a responsive pleading, making a defendant's

11 failure to answer a complaint result in the deemed admission of the averments thereof.

12 <u>Burlington Northern R.R. Co. v. Huddleston</u>, (10th Cir. 1996) 94 F.3d 1413, 1415. In the instant

13 Case, the Termination Order striking the Defendant's Answer has resulted in her deemed

14 admission to all of the Complaint's averments pursuant to F.R.C.P. 8(b)(6) and default judgment

15 is appropriate in this Case.

16  **D.**  **Plaintiff Has Satisfied All the Elements of 11 U.S.C. § 523(a)(2)(A)**

17  Section 523(a)(2)(A) provides that a debt for "money, property, services, or an extension,

18 renewal, or refinancing of credit, to the extent obtained, by false pretenses, a false representation,

19 or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" is

20 not dischargeable. 11 U.S.C. § 523(a)(2)(A).  The creditor seeking to prove nondischargeability

21 under this section must establish that: (1) the debtor made a misrepresentation; (2) the debtor

22 knew at the time the representation was false; (3) the debtor made the misrepresentation with the

23 intention of deceiving the creditor; (4) the creditor relied on the representation; and (5) the

24 creditor sustained damage as the proximate result of the representation.  <u>Cossu v. Jefferson Pilot</u>

25 <u>Sec. Corp.</u>, 410 F.3d 591, 596 (9th Cir. 2005); <u>Turtle Rock Meadows Homeowners Ass'n v.</u>

26 <u>Slyman (In re Slyman)</u>, 234 F.3d 1081, 1085 (9th Cir. 2000); <u>In re Britton</u>, 950 F.2d 602, 604

27 (9th Cir.1991). Section 523(a)(2)(A) prevents the discharge of all liability arising from fraud,

28

including both punitive and compensatory damages. <u>Cohen v. De La Cruz</u>, 118 S.Ct. 1212, 1219 (1998).

### i.    *The Loans And the Representation By Defendant*

Plaintiff made all 10 Loans to the Defendant. *See* Cohen Declaration at ¶ 3 and Exhibits 1-10.  The Defendant made oral and written representations to Plaintiff that the Loans would be repaid from the settlement of the Flynt Litigation. *Id.* at ¶¶ 16, 19, 21, and 35.

From February 14, 2007 through August 2, 2008, Defendant made the following material representations to Plaintiff:

  a. Defendant was procuring major financing for the Mexican Investments and such financing was imminent;

  b. Plaintiff would be repaid from the financing provided by a Mexican financial institution;

  c. Plaintiff's loans would be secured by the real property located at 23300 Ventura Blvd. ("Leonora Property");

  d. Plaintiff would be paid upon receipt of monies from Greg Scott, an investor that Plaintiff referred to Defendant ("Scott");

  e. Plaintiff would be fully repaid from the proceeds of the of an imminent settlement of the Flynt Litigation;

  f. Defendant had sufficient assets and financial worth to repay the Loans;

  g. The Mexico Properties had value in excess of $15M;

  h. Plaintiff would be paid from the sale of the Mexican Investments;

  i. Defendant had a corresponding note signed by Stover and his related entities, guarantying each and every Loan in favor of Plaintiff.

*See* Cohen Declaration at ¶ 73.

### ii.    *Defendant Made the Representations With the Intent to Deceive Plaintiff*

The foregoing misrepresentations were intended to induce Plaintiff into (a) lending money to Defendant purportedly for the Mexican Investments; (b) accepting deeds of trust against the Leonora Property, which was worthless real property as collateral; (c) entering into the

1    Amendment and the MOU; (d) extending the maturity dates on the Loans; (e) releasing a senior

2    first position lien on real property in Los Barilles Mexico; and (f) forbearing from enforcing

3    Plaintiff's rights under the Loans, the Amendment and the MOU. *Id.* at ¶ 74.

### iii.    The Defendant Knew at the Time that the Representations were False

5    At the time they were made, Defendant knew her representations were false in that (a) she

6    did not intend to use loan proceeds from the Mexico Investment to pay off Plaintiff's Loans; (b)

7    she did not have the resources or the ability to timely repay Plaintiff's Loans; (c) she was not

8    expecting financing from a traditional lender in Mexico or any other source that would provide

9    funds to repay Plaintiff's loans; (d) she never intended on using the Scott money to repay all or a

10    portion of Plaintiff's loans; and (e) she never intended on using the proceeds from the Flynt

11    Litigation to repay Plaintiff. *Id.* at ¶ 75.

12    The Flynt Litigation settled on January 20, 2009.  Plaintiff was present in court during the

13    trial in that case, when the settlement was announced.  On that date, Plaintiff personally heard

14    Stover's attorney, John Shaeffer, tell the court that the case settled and that the settlement funds

15    were received by Attorney Shaeffer, into his client trust account. *Id.* at ¶¶ 39-40.

16    Stover was also present in court that day. *Id*. at ¶ 40.  Attorney Shaeffer made the above-

17    representation to the court in Stover's presence and Stover did not dispute the representation.

18    Further, as Plaintiff was leaving the courthouse, Stover told Plaintiff that he settled the Flynt

19    Litigation for him, and that he falsely promised to pay Plaintiff moneys owed in one day's time

20    from that day, January 20, 2009.  *Id.*

21    Given that the settlement funds were in fact delivered to Stover and companies owned in

22    part by Defendant, and that Defendant had the authority and ability to pay the amounts due to

23    Plaintiff, but did not pay Plaintiff the amounts that were due to him as promised in the

24    Amendment, the conclusion may be drawn that the Defendant *never* intended on paying Plaintiff

25    from the settlement sum arising out of the Flynt Litigation, contrary to her representations set

26    forth in the Amendment. *Id*. at ¶ 46.  Such representations are therefore rendered intentional

27    misrepresentations, and support a judgment in favor of Plaintiff to include the Principal Loan

28    Amount, interest thereon, points and penalties thereon, attorneys' fees and punitive damages.

1    Further, despite the express representations set forth in the MOU that a replacement

2    mortgage in favor of Plaintiff in the full amount of all 10 Loans would be recorded on the Mexico

3    Property to replace Plaintiff's lien which was removed under false pretenses, no such replacement

4    mortgage has ever been recorded. *Id.* at ¶¶ 34, and 36-38.

5    In light of the above supporting evidence submitted herewith, the conclusion may be

6    drawn that Defendant had no intention of recording a replacement mortgage when she made the

7    representations set forth in the MOU, rendering the representations intentional misrepresentations

8    and thereby supporting a judgment in favor of Plaintiff to include the Principal Loan Amount,

9    interest thereon, points and penalties thereon, attorney's fees and punitive damages.

10        *iv.    The Flow of Money*

11    Attached as Exhibit 26 to the Cohen Declaration is a true and correct copy of the

12    transcript of the deposition of Ronald Stover, taken in the Liner Litigation[5] ("Stover Deposition

13    Transcript"), which excepts evidence how the Defendant and her partner Ronald Stover's scheme

14    to defraud Plaintiff was undertaken.

15    The goal of Defendant and Stover was to secure money from individuals and funnel those

16    funds through TMCS up to Defendant, Stover, JAC, RS Development, Paradise in Cortez and

17    Vistas. *See* the Stover Deposition Transcript at 25:15-27:21.

18    Specifically, the Defendant and Stover had two (2) agreements with TMCS. One was for

19    TMCS to provide capital to Paradise in Cortez to purportedly fund the purchase of the Mexico

20    Property; and the other was for TMCS to provide capital to JAC to purportedly fund the Flynt

21    Litigation. *See* Stover Deposition at 35:17-36:17.

22    JAC was created specifically for the Flynt Litigation. *See* the Stover Deposition at 47:19-

23    22.

24    Between 2006 and 2009, the Defendant and Stover purportedly used the money TMCS

25    received from individuals, such as Plaintiff, to pay for legal fees in the Flynt Litigation. *See* the

26    Stover Deposition at 49:5-15; 50:4-21.

27

28

---

[5] *Liner v. Halper et al.*, Superior Court, County of Ventura case no. 56-2008-00318184-CU-OR-SIM[5]

The funds that Plaintiff loaned to the Defendant followed the above-described scheme as his checks and wire transfers were made either to TMCS or to affiliated entities directly. *See* Cohen Declaration and the Exhibits thereto.

### v.    *Evidence To Support Amount of Punitive Damages*

Defendant secured loans and received funds from at least 30 individuals. *See* Cohen Declaration at ¶ 47.  In total, it is estimated that Defendant and Stover took in nearly $14 million. *Id.*  Punitive damages in the amount of $15 million should be awarded against Defendant to punish her for the bad acts committed as evidenced herein, and for defrauding Plaintiff out of millions of dollars, rendering Plaintiff financially devastated. *Id.* at ¶¶ 48-49.

The amount of punitive damages sought has a causal relationship to this litigation in that the Defendant and her partner took in nearly that amount, kept the proceeds of the Flynt Litigation, kept the Mexico Property for themselves and absconded with the remainder of the $14 million without paying Plaintiff the money that is due and owing to him.

In doing the things herein alleged, Defendant acted with malice, oppression or fraud in conscious disregard of Plaintiff's rights, thereby entitling Plaintiff to an award of exemplary and punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar conduct.

### vi.    *Plaintiff Justifiably Relied on Defendant's Representations*

As detailed above, Plaintiff justifiably relied on the representations made by Defendant with respect to the Loans.  "Justifiable reliance" is a subjective standard that takes into account the qualities and characteristics of the particular creditor and the circumstances of the particular case "rather than the application of a community standard of conduct in all cases."  Field v. Mans, 516 U.S. 59, 70-71 (1995).  Justifiable reliance is a "less demanding" standard than reasonable reliance.  Id. at 61.

Defendant is a licensed real estate and mortgage broker and arranged all Loans made by Plaintiff and held herself out as a seasoned professional.  See Cohen Declaration at ¶¶ 2, 5. Defendant made numerous oral and written representations to Plaintiff that his Loans were

secured and that the Loans would be repaid from the settlement of the Flynt Litigation. *Id.* at ¶¶ 16, 19, and 73-78.  Plaintiff justifiably relied on Defendant's representations.

### vii.    *Plaintiff Sustained Damages as the Proximate Result of Defendant's Representations*

As a proximate result of Defendant's representations, Plaintiff has been damaged in the total sum of $9,483,862.73, composed of the following:

| | |
|---|---|
| Due Under Loans through April 22, 2013 | $7,379,690.00 |
| Daily Interest on Loans from April 22, 2013 | $1,995,273.00 |
| Attorneys' Fees[6] | $114,748.29 |
| Attorneys' Expenses | $4,151.44 |
| Credit[7] | $  (10,000.00) |
| Total Due as of April 11, 2017 | $ 9,483,862.73 |

*See* Cohen Declaration at ¶¶ 66-72.

Accordingly, the Defendant's debt is for money obtained by false pretenses, false representations, and actual fraud and should be held to be non-dischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code together with pre-judgment and post-judgment interest and costs and attorney's fees as allowed by law.

Because the debt arose under state law and because the state awards post-judgment interest, the Defendant's liability for that interest should be held nondischargeable because it is ancillary to a nondischargeable debt described herein. See In re Niles, 106 F. 3d 1456 (9th Cir. 1997).

/ / /

/ / /

---

[6] Each of the notes for the Loans expressly includes an attorneys' fees provision. *See* Cohen Declaration at Exhibits 1-10. The Amendment provides that "all other terms, conditions and obligations set forth in the Parties' Notes, and each of them, shall remain in full effect," i.e., the attorney's fees provision of each of the Loans' notes remain valid despite the amendment. *See* Cohen Declaration at Exhibit 5. The MOU also provides that "all other terms, conditions and obligations set forth in the Parties' Notes, and each of them, shall remain in full effect,: i.e. the attorneys' fees provision of each of the Loans' notes remain valid despite the MOU. *See* Cohen Declaration at Exhibit 12.

[7] The credit includes sums received from Defendant in connection with the Contempt Order and OSC.

# V.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that a judgment be entered in favor of Plaintiff and against Defendant in the amount of $9,483,862.73, plus punitive damages, and post-judgment interest to accrue thereon at the legal rate of ten percent (10.00%) per annum from the date of entry of judgment, and that the judgment be made non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

Dated: April 13, 2017                MARGULIES FAITH, LLP


By: __/s/ Meghann Triplett_____
Craig G. Margulies, Esq.
Meghann A. Triplett, Esq.
Attorneys for Plaintiff Solomon M. Cohen

14

1

## **DECLARATION OF MEGHANN A. TRIPLETT**

2       I, Meghann A. Triplett, declare:

3       1.      I am an attorney licensed to practice before all courts in the State of California,

4  and before the United States District Court for the Central District of California.  I am an attorney

5  at the law firm of Margulies Faith, LLP ("MF"), counsel of record for Plaintiff, Solomon M.

6  Cohen ("Plaintiff"), in the above-captioned Case.

7       2.      I submit this declaration in support of Plaintiff's *Motion for Default Judgment*

8  *Under LBR 7055-1* ("Motion").

9       3.      The Court may take judicial notice of the following facts:

10          a)  On October 19, 2009, Defendant filed a voluntary petition under Chapter 11 of

11              Title 11 of the United States Bankruptcy Code entitled *In re Shellie Melissa*

12              *Halper,* Case No. 1:09-bk-23807-GM on the docket of the Court.

13          b)  The chapter 11 case was converted to one under chapter 7 on January 8, 2010.

14          c)  On April 22, 2011, Plaintiff filed a *Complaint to Object to Discharge of Debt Due*

15              *to Fraud* ("Complaint") seeking damages in the amount not less than

16              $6,254,681.29, plus interest, punitive damages, reasonable attorneys' fees and

17              costs, and that the debt be made non-dischargeable pursuant to 11 U.S.C.

18              523(a)(2)(A) and FRBP 7001(4).  A conformed copy of the completed return of

19              summons is attached hereto as **Exhibit A**.

20          d)  Defendant filed an Answer to Complaint [dkt. no. 4] ("Answer").

21          e)  In October, 2011, Defendant filed a *Motion to Stay Case and Proceeding Under*

22              *5th Amendment Privilege Against Self-Incrimination and for Protective Order*

23              [dkt. no. 9] ("Stay Motion").

24          f)  The Court entered an Order granting the Stay Motion on February 3, 2012 [dkt. no.

25              15].

26          g)  An *Order Terminating the Stay as to Adversary Proceeding* was entered on June

27              16, 2015 [dkt. no. 37].

28

15

h) Plaintiff filed a *Motion and Motion for Issuance of an Order to Show Cause Why Defendant Shellie Melissa Halper Should Not be Held in Contempt for Failure to Appear at Her Court Ordered Deposition* [dkt. no. 73], which was set for hearing and was ultimately granted.

i) On November 21, 2016, this Court issued an *Order to Show Cause Why Shellie Melissa Halper Should Not be Held in Contempt* [dkt. no. 83] ("OSC").

j) On December 6, 2016, the Court entered an *Order Finding Shellie Melissa Halper in Contempt, Awarding Sanctions, Ordering Sanctions be Paid, and Further Continuing Contempt Hearing* was entered [dkt. no. 95] ("Contempt Order").

4.    Defendant did not comply with the conditions of the Contempt Order, and on January 30, 2017, the Court entered an *Order Entering Terminating Sanctions Against Defendant Shellie Melissa Halper Following Defendant's Failure to Comply with the Order Finding Shellie Melissa Halper in Contempt, Awarding Sanctions, Ordering Sanctions Paid, and Further Continuing Contempt Hearing* [dkt. no. 101] (the "Termination Order").

5.    The Termination Order provided, *inter alia*, for Defendant's Answer [dkt. no. 4] to be stricken in its entirety.

6.    Thereafter, on February 22, 2017, on behalf of Plaintiff I filed a *Request for Clerk to Enter Default Under LBR 7055-1(a)* [dkt. no. 104]. The Clerk of the Court entered a default of Defendant on February 23, 2017 [dkt. no. 107].

7.    On March 15, 2017, the Court entered a further *Order on Order to Show Cause Why Shellie Melissa Halper Should Not Be Held in Contempt* [dkt. no. 109].

8.  A status conference in this Case is presently scheduled for May 2, 2017 at 10:00 a.m.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of April, 2017 at San Luis Obispo, California.

*/s/ Meghann Triplett*
Meghann Triplett

16

# EXHIBIT A

FILED

**APR - 6 2011**

| In re:   Shellie Melissa Halper | CHAPTER | 7 |
|---|---|---|
| Adv.   Solomon M. Cohen v. Shelie Melissa Halper | LEAD CASE NO. | 09-23807-GM |
| Debtor(s). | ADV. CASE NO.: | 11-01317-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

8950 Olympic Blvd. #201, Beverly Hills, CA 90211

True and correct copies of the foregoing documents described as (1) Summons and Notice of Status Conference, (2) Adversary Proceeding Cover Sheet, (3) Complaint to Object to Discharge of Debt Due to Fraud 11 U.S.C. 523(2)(A) have been served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ___5/5/11___ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

-   Alan W Forsley           awf@fredmanlieberman.com, awf@fkllawfirm.com
-   David Keith Gottlieb (TR)   dkgtrustee@crowehorwath.com, dgottlieb@ecf.epiqsystems.com
-   Mark M Sharf            mark@forbankruptcy.com, msharf00@gmail.com
-   United States Trustee (SV)   ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II.   SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On ___5/5/11___ I served the following person(es) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.   SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/5/11 | Victor Flores | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory  It has been approved for use by the United States Bankruptcy Court for the Central District of California

January 2009                                                                                    **F 9013-3.1**

**EXHIBIT A**                                                  **Page 17 of 17**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled ***NOTICE OF MOTION and MOTION FOR DEFAULT JUDGMENT UNDER LBR 7055-1*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>April 13, 2017,</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Jerome Bennett Friedman** jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flglaw. com;sbiegenzahn@flg-law.com
**David Keith Gottlieb (TR)** dkgtrustee@dkgallc.com, dgottlieb@ecf.epiqsystems.com,rjohnson@dkgallc.com,akuras@dkgallc.com
**Nina Z Javan** njavan@brutzkusgubner.com, ecf@ebg-law.com
**Craig G Margulies** Craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com
**Meghann A Triplett** Meghann@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@Margu
**United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov

☐  Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On <u>April 13, 2017,</u> I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**<u>JUDGE</u>: Honorable Geraldine Mund**, 21041 Burbank Blvd., #312, Woodland Hills, CA 91367
**<u>DEBTOR</u>: Shellie Melissa Halper**, 161 Coyote Rock Court, Las Vegas, Nevada 89138
**<u>OUST</u>: Office of the United States Trustee**, 915 Wilshire Blvd., #1850, Los Angeles, CA 90017

☐  Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 13, 2017 | Brian Reed | /s/ Brian Reed |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.